5 F.3d 533
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Donald SHOULDERS, Appellant.
 No. 92-3591.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1993.
Filed: August 27, 1993.
 
 Before JOHN R. GIBSON, BEAM, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After pleading guilty to one count of sexual abuse of his sixteen-year-old stepdaughter in Indian country, 18 U.S.C. Sec. 2242(1) (1988), Donald Shoulders received a sentence of 210 months imprisonment. He challenges the district court's[1] decision to increase his base offense level by four on a finding that he committed the offense by force or threat of force against the victim. 18 U.S.C. Secs. 2241(a)(1), (2) (1988); United States Sentencing Commission, Guidelines Manual, Sec. 2A3.1(b)(1) (Nov. 1992). We affirm the sentence.
 
 
 2
 Shoulders is dissatisfied with the force or threat of force finding in two respects: that the finding is simply wrong and that it depends on unreliable hearsay.
 
 
 3
 The court based its finding on the testimony of Jane Rager, the probation officer who prepared the presentence investigation report. The victim lived with her stepfather, and Rager testified that the victim told her that the sexual abuse was an ongoing situation starting when the victim was seven years old. Rager said the victim reported that Shoulders "would order her into the bedroom, he would order her to take off her clothes, and pull her on top of him during the commission of the offense. She also indicated that he had slapped her on occasion." The victim had also told Rager that Shoulders "threatened to kick her ass," if she told anybody about the abuse. There was also record evidence that the victim had run away from home several times.
 
 
 4
 Shoulders' counsel acquiesced in the presentation of Rager's testimony, since he did not object on hearsay grounds and stated that he did not consider Rager's statement to be hearsay "because she talked with [the victim] personally." Therefore, we review this issue for plain error. United States v. Grooms, 978 F.2d 425, 429 (8th Cir. 1992).
 
 
 5
 A district court may base a finding of fact in its sentencing determination on reliable hearsay evidence. United Sates v. Wise, 976 F.2d 393, 402 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 1592 (1993). The probation officer's testimony is sufficiently reliable to support the district court's finding, and it is corroborated by the record evidence showing that the victim repeatedly tried to flee the defendant's home. There is no plain error here.
 
 
 6
 Shoulders next attacks the district court's finding as factually incorrect. We review such findings only for clear error.
 
 
 7
 United States v. Kelly, 989 F.2d 980, 985 (8th Cir. 1993), pet'n for cert. filed, No. 93-5066 (June 30, 1993).
 
 
 8
 Shoulders claimed that the victim was the aggressor, and that she voluntarily undressed, grabbed him, and pulled him on top of her. Rager's testimony is sufficient to support the finding that Shoulders accomplished his crime by force or by putting the victim in fear that she would be subjected to serious bodily injury. See United States v. Balfany, 965 F.2d 575, 584 (8th Cir. 1992) (threat to beat child if she told of ongoing sexual abuse sufficient to warrant four level enhancement); United States v. Bordeaux, No. 92-3694, slip op. at 4 (8th Cir. July 1, 1993). Given the victim's age at the time of the abuse, we see nothing approaching clear error in the district court's rejecting Shoulders' version of the events.
 
 
 9
 We affirm the sentence of the district court.
 
 
 
 [1]
 The Honorable Donald J. Porter, Senior United States District Judge for the District of South Dakota