United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1265
_____

United States of America,       *
                                    *

        Appellee,       *

                                    *   Appeal from the United States
       v.               *   District Court for the
                                    *   District of South Dakota.

Joseph Marvin Charging Hawk,   *

                                    *   [UNPUBLISHED]
        Appellant.      *

_____

Submitted:    July 23, 1997
      Filed:    July 28, 1997
_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

      After a fight broke out on an Indian reservation between Joseph Marvin Charging Hawk and Marlon Sun Bear, Charging Hawk knocked Sun Bear to the ground, struck him twice with a wine bottle, and used a large block to hit him in the head, resulting in injuries that caused Sun Bear's death. Charging Hawk was thereafter charged with murdering Sun Bear with malice aforethought, in violation of 18 U.S.C. §§ 1153 and 1111. Prior to trial, Charging Hawk moved in limine to prohibit the government from offering into evidence photographs of the victim taken after his death.

At a hearing on the motion outside of the jury's presence, the district court[1] noted that the issue was whether Charging Hawk acted with malice aforethought, and concluded it was important for the jury to determine the duration of the assault and the number of times the victim was struck; the court denied the motion in limine and admitted the challenged photographs at trial. The jury found Charging Hawk guilty of second-degree murder as charged in the indictment, and he appeals his conviction, challenging the admission of the photographs. We affirm.

Under Federal Rule of Evidence 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or of misleading the jury, or by needless presentation of cumulative evidence. Unfair prejudice occurs to the extent evidence creates an undue tendency to suggest decision on an improper basis. See United States v. Hiland, 909 F.2d 1114, 1135 (8th Cir. 1990).

"A district court has broad discretion in ruling on admissibility of evidence." United Stated v. Moore, 38 F.3d 977, 981 (8th Cir. 1994). We review a district court's evidentiary rulings only for an abuse of discretion. See United States v. Ballew, 40 F.3d 936, 941 (8th Cir. 1994), cert. denied, 514 U.S. 1091 (1995). Because Charging Hawk did not object to the admission of two of the exhibits he challenges on appeal, we review their admission for plain error resulting in a miscarriage of justice. See United States v. Roach, 28 F.3d 729, 732 (8th Cir. 1994); United States v. Grooms, 978 F.2d 425, 429 (8th Cir. 1992).

To prove malice aforethought, the government had to show Charging Hawk intended at the time of the killing to take the life of a human being, or to act in callous and wanton disregard of the consequences of human life. See United States v. Johnson,

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

879 F.2d 331, 334 (8th Cir. 1989). Although Charging Hawk offered to stipulate to factual matters probative of causation, death, and the identity of the perpetrator, a jury is generally permitted to have a complete picture of the events constituting the charged crime, and a critical aspect of the balancing analysis under Rule 403 is whether the challenged evidence is probative of issues other than the one to which the defendant has offered to stipulate. See Hiland, 909 F.2d at 1134.

Given the government's burden to show that Charging Hawk acted with malice aforethought--a contested issue--we conclude that the district court did not err in admitting the exhibits. See Moore, 38 F.3d at 981; United States v. Standish, 3 F.3d 1207, 1209 (8th Cir. 1993); United States v. Naranjo, 710 F.2d 1465, 1468-69 (8th Cir. 1983).

Finally, we conclude that the probative value of the photographs was not outweighed by the danger of misleading the jury as to the extent of the injuries inflicted by Charging Hawk, and were not so cumulative as to outweigh their probative value.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-