# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1552

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of South Dakota. |
| | * | |
| W.B., | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 13, 2006
Filed: July 12, 2006

_____

Before BYE, LAY, and RILEY, Circuit Judges.

_____

BYE, Circuit Judge.

W.B. appeals his conviction by bench trial of being a juvenile delinquent as a result of his aggravated sexual abuse of a minor, arguing testimony by a forensic interviewer concerning the victim's out-of-court statements should not have been admitted under Federal Rule of Evidence 807. We affirm the district court.[1]

_____

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

I

W.B., an Indian minor, was charged with being a juvenile delinquent in an information alleging he committed aggravated sexual abuse on J.D., a minor, between April 1, 2002, and October 1, 2002, in Indian country, in violation of 18 U.S.C. §§ 1153, 2241(c). The district court adjudicated the issue and determined W.B. was a juvenile delinquent. He appeals his conviction arguing testimony from the forensic interviewer, Lora Hawkins, was improperly admitted.

Hawkins interviewed J.D. on January 13, 2004, in connection with a separate and unrelated investigation. At the time, J.D. denied ever having been sexually abused. Hawkins again interviewed J.D. on January 26, 2005, in connection with the instant case. She followed the organizational protocols of her employer, the Child Advocacy Center of the Black Hills in Rapid City, South Dakota, in interviewing J.D. on both occasions. During the 2005 interview, J.D. stated W.B. put his "d-i-c-k" into her "peach" when she was eight years old. During the 2005 interview, J.D. had difficulty recalling precisely when the assault occurred, but did recall the season, her age, and her grade in school.

The government provided W.B. with notice pursuant to Federal Rule of Evidence 807 stating its intention to call Hawkins as a witness to offer J.D.'s statements during the 2005 interview. In response, W.B. filed a motion in limine attempting to prevent such testimony, arguing the statements did not meet the foundational requirements of Rule 807 and would improperly bolster J.D.'s credibility as prior consistent testimony of J.D.'s anticipated trial testimony. The district court did not hold a pretrial hearing on the issue, rather deciding to rule on it during trial as circumstances may then require.

At trial, J.D. was the government's first witness. She testified on one occasion, W.B., her cousin, put the part of his body that goes "pee" into the part of her body that goes "pee," hurting her and causing her to bleed. She further testified she had never been so touched before or after the incident.

Hawkins was the government's second witness. The intent was to ask her specific details of the incident. After answering a few foundational questions regarding the techniques used during the interview and her qualifications as an interviewer, she testified to the statements made by J.D. during the 2005 interview. Hawkins testified J.D. revealed she was molested in W.B.'s bedroom and then provided the following:

> [J.D.] stated that her cousin [W.B.] put his middle – or the other way. She referred to it was his d-i-c-k into her peach; or as she also called it and pronounced in this way, her "crouch."
>
> . . .
>
> She clearly indicated that as being the labial-vaginal area of her body; also identified on a simple anatomical sketch.
>
> . . .
>
> She expressed that she was eight years old.
>
> . . .
>
> In conjunction with that I asked her if she knew the seasons of the year. She name [sic] the four seasons. She specified that it was summer, that it was hot outside, and also that she was in the second grade as she described the time frame.

Tr. at 83. During cross-examination, Hawkins noted J.D.'s denial of molestation during the 2004 interview and stated young children disclose abuse when they are ready to do so.[2]

W.B. objected to Hawkins's testimony on Confrontation Clause, Rule 807, improper bolstering, and cumulative grounds.[3] In ruling on W.B.'s Rule 807 objection, the district court noted the five foundational requirements for admissibility and determined the statements admissible under Rule 807. The district court concluded Hawkins's testimony was more probative than any other evidence which could reasonably be procured by the government, citing United States v. Peneaux, 432 F.3d 882 (8th Cir. 2005), because J.D.'s testimony was inconsistent and unclear. The district court reserved ruling on the foundational elements establishing the circumstantial guarantees of trustworthiness until it had reviewed the videotape. At the close of evidence, the district court concluded its Rule 807 analysis and determined the videotape established a proper foundation for Hawkins's testimony. The district court then received such testimony into evidence. At the close of evidence, W.B. moved for a judgment of acquittal and to dismiss the information.

---

[2]The government presented one other witness, a school official, who testified to the time during which school was in session during the relevant time period. No other evidence was admitted by the government to corroborate J.D.'s testimony.

W.B. presented the testimony of three witnesses who recounted incidents when J.D. denied being sexually abused by W.B. The first witness testified J.D. told her the allegations against W.B. were false and were fabricated by her mother. The second witness, J.D.'s aunt, testified she took J.D. to the hospital upon learning of the allegation, where, in her presence, J.D. denied to a doctor ever having been molested. The third witness testified J.D. told her and her husband she was molested by someone other than W.B.

[3]W.B.'s Confrontation Clause challenge has been abandoned on appeal. On appeal, W.B. argues Hawkins's testimony, as bolstering and cumulative, caused W.B. unfair prejudice.

Both motions were denied. The district court then found W.B. guilty. W.B. now appeals his conviction.

II

W.B.'s appeal presents one issue: whether the district court erred in admitting the testimony of Hawkins under Rule 807 because the evidence was not the most probative reasonably available evidence regarding the alleged abuse.[4] Hawkins's testimony goes to two issues of material fact:[5] the timing of the incident and the details of the incident. W.B. contests the admission of the testimony as to both issues, arguing Hawkins's testimony added nothing which J.D.'s testimony did not already provide and, to the extent Hawkins provided testimony not already before the district court, such testimony was not the most probative evidence on the issue.[6]

---

[4]Before the district court, W.B. argued Hawkins's testimony did not relate to a material fact, was not the most probative evidence on the issue, and was not supported by the circumstantial guarantees of trustworthiness required by Rule 807. Although we have considered the issue of trustworthiness sua sponte, Peneaux, 432 F.3d at 892 ("Although Peneaux has not argued that these statements are untrustworthy, we nevertheless consider the issue, for as the trustworthiness of a statement increases, the justification for excluding it decreases.") (internal quotation omitted), we decline to do so in the instant case because, as discussed below, we find the district court's justifications for admitting the testimony proper whether the out-of-court statements are wholly trustworthy or just trustworthy enough to support admission under Rule 807.

[5]For purposes of Rule 807, our precedent holds a material fact is a fact which is relevant. Peneaux, 432 F.3d at 892 ("The materiality requirement in Rule 807 is merely a restatement of the general requirement that evidence must be relevant.") (internal quotation omitted).

[6]The government argues it sought admission of Hawkins's testimony for the limited purpose of establishing the time frame within which the abuse occurred. We

-5-

We review a district court's decision to admit testimony under Rule 807 for abuse of discretion. United States v. Thunder Horse, 370 F.3d 745, 747 (8th Cir. 2004). In order to admit testimony under Rule 807,

> there must be a showing that (1) the statement has equivalent circumstantial guarantees of trustworthiness to the other hearsay exceptions; (2) the statement is offered as evidence of a material fact; (3) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; (4) the general purposes of the rules and the interests of justice will best be served by its admission; and (5) adequate notice must be given to the opposing party.

Peneaux, 432 F.3d at 891 (citations omitted); Fed. R. Evid. 807.

In United States v. Balfany, 965 F.2d 575 (8th Cir. 1992), we concluded the testimony of a child victim's aunt regarding the victim's out-of-court statements was inadmissible under the residual hearsay exception of Rule 803(24) (now Rule 807) because the aunt's testimony was not "information of a kind or to a degree that [the child's] live testimony or the testimony of the other hearsay witnesses could not" provide. Id. at 582. We noted "the district court could have (and probably should have) required the prosecution to establish that such information was unavailable from any other witness before permitting [the aunt] to testify." Id. Accordingly, we held

---

find the government's argument on this point a meritless post hoc rationalization. The government presented Hawkins's testimony for the purpose of testifying generally to the details of the abuse and the district court, in admitting the testimony, did not limit the testimony for any particular purpose. Indeed, the district court, in ruling on the materiality of Hawkins's proffered testimony, noted the testimony was material because it would "identify the type of abuse that's been allegedly inflicted upon [J.D.], and that is relevant and material to this case." Tr. at 78.

the aunt's testimony was not the most probative evidence. Id. at 581-82. Similarly, in Peneaux, we noted "[w]here testifying adults are able to provide information that the victim is unwilling or unable to give [in the courtroom setting], this testimony may come in under Rule 807." 432 F.3d at 893.

As we noted in Balfany, a child's in-court statements are generally more probative than a child's out-of-court statements. 965 F.2d at 582. However, we agree with Peneaux and Balfany when a child is unable or unwilling to testify in a courtroom setting, a child's out-of-court statements may be the most probative evidence on an issue. Whether such out-of-court statements are the most probative evidence and are necessary to properly develop an issue, however, requires careful scrutiny, because hearsay testimony should only be admitted under Rule 807 in exceptional circumstances. United States v. Renville, 779 F.2d 430, 439 (8th Cir. 1985) (The residual exception rule "was necessary to permit courts to admit evidence in exceptional circumstances where the evidence was necessary, highly probative, and carried a guarantee of trustworthiness equivalent to or superior to that which underlies the other recognized exceptions."). We agree such exceptional circumstances generally exist when a child victim of sexual abuse is unable or unwilling to testify to a material issue regarding the abuse. See, e.g., Peneaux, 432 F.3d at 893; United States v. N.B., 59 F.3d 771, 776 (8th Cir. 1995); United States v. Grooms, 978 F.2d 425, 427 (8th Cir. 1992).

As in our prior cases admitting a child victim's out-of-court statements to an adult, J.D. was unable or unwilling to recall specific details regarding the abuse during her in-court testimony, including the time frame of the abuse. J.D. testified to W.B. inserting the area from where he goes "pee" into the area she uses to go "pee," causing her to bleed, but could not recall whether W.B.'s pants were on or off. Regarding the time frame, J.D. was unable to recall whether the incident occurred during the spring or summer or whether it was hot or cold outside. We therefore agree with the district

court's conclusion J.D.'s testimony was at times unclear and inconsistent. Given J.D.'s reticence in providing details of the abuse and her stated belief she could be hurt by testifying against W.B. in court, we believe the district court had ample reason to believe J.D. was unable or unwilling to testify further or more clearly regarding the details of the abuse. Accordingly, the district court did not abuse its discretion by concluding J.D.'s out-of-court statements to Hawkins were the most probative evidence available under Rule 807.[7]

III

Because we conclude the district court did not err in admitting Hawkins's testimony, we need not conduct a harmless error analysis. We note, however, even if the district court erred in admitting Hawkins's testimony, such error would be harmless. W.B. argues he suffered prejudice by the admission of Hawkins's testimony because the testimony served only to bolster J.D.'s testimony and was cumulative. The district court conducted a bench trial and in such a situation, we find little prejudice in the admission of cumulative evidence or testimony which improperly bolsters a prior witness. See United States v. J.H.H., 22 F.3d 821, 829 (8th Cir. 1994). As we stated in First American State Bank v. Continental Insurance Co., 897 F.2d 319 (8th Cir. 1990),

> a judgment in a bench trial would not be reversed on the grounds that
> incompetent evidence was admitted, unless the competent evidence

---

[7]W.B. argues Hawkins's testimony did not add anything to the testimony provided by J.D. and therefore was not "information of a kind or to a degree that [the child's] live testimony could not" provide. However, we believe Hawkins's testimony, though similar in nature to J.D.'s testimony regarding the details of the abuse, served to clarify the type of abuse alleged as well as the time frame within which the abuse occurred.

provided insufficient support for the judgment or the incompetent evidence precipitated a finding that the trial court would not otherwise have made. . . [and] the admission of incompetent evidence is usually harmless because there is a presumption that the trial court considered only competent evidence in making findings.

Id. at 328.  J.D.'s testimony, standing alone, would have been sufficient to convict W.B. of the crime charged in the information.  Accordingly, any error in the course of the bench trial was harmless.

IV

For the foregoing reasons, we affirm the district court.

_____