UNITED STATES, Appellee

v.

David A. CZACHOROWSKI, Lieutenant
U.S. Navy, Appellant

No. 07-0379

Crim. App. No. 200400735

United States Court of Appeals for the Armed Forces

Argued March 18, 2008

Decided July 9, 2008

STUCKY, J., delivered the opinion of the Court, in which EFFRON,
C.J., and ERDMANN, J., joined.  BAKER, J., filed a separate
opinion concurring in part and in the result.  RYAN, J., filed a
dissent.

Counsel

For Appellant:  Frank J. Spinner, Esq. (argued); Lieutenant W.
Scott Stoebner, JAGC, USN (on brief); Lieutenant Darrin W. S.
Mackinnon, JAGC, USN.

For Appellee:  Captain Roger E. Mattioli, USMC (argued);
Commander Paul C. LeBlanc, JAGC, USN (on brief).

Amicus Curiae for Appellant:  Angela Desaulniers (law student)
(argued); Timothy Litka, Esq. (supervising attorney) (on brief)
-- for the Catholic University of America, Columbus School of
Law.

Military Judge:  Nels Kelstrom

THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Judge STUCKY delivered the opinion of the Court.

We granted Appellant's petition to determine whether the military judge abused his discretion when he admitted into evidence the victim's out-of-court statements accusing her father of indecent acts over a defense objection that admission violated Military Rule of Evidence (M.R.E.) 807[1] and the Sixth Amendment to the Constitution.  We hold that, on the facts of this case, the military judge improperly admitted the testimony and, accordingly, reverse the decision of the United States Navy-Marine Corps Court of Criminal Appeals.[2]

I.

Appellant allegedly digitally penetrated his four-year-old daughter, AAC, on several occasions.  On January 11, 2002, after one such incident, AAC stated to her mother that "Daddy sticks

---

[1] Pursuant to the June 1999 Amendments to the Military Rules of Evidence, M.R.E. 803(24) and M.R.E. 804(b)(5) were combined and promulgated as M.R.E. 807.  2 Stephen A. Saltzburg et al., Military Rules of Evidence Manual § 807.02[1] & n.1 (6th ed. 2006).  The change did not alter the meaning or application of the residual hearsay exception.  Id.  Similarly, Federal Rules of Evidence (Fed. R. Evid.) 803(24) was consolidated with the other residual hearsay exception, Fed. R. Evid. 804(b)(5), into Fed. R. Evid. 807.  "The text was not altered in any material way because 'no change in meaning was intended.'"  United States v. Brothers Constr. Co. of Ohio, 219 F.3d 300, 309 n.2 (4th Cir. 2000) (quoting Fed. R. Evid. 807 advisory committee's note).

[2] Oral argument in this case was heard at The Catholic University of America, Columbus School of Law, Washington, D.C., as part of the Court's "Project Outreach."  See United States v. Mahoney, 58 M.J. 346, 347 n.1 (C.A.A.F. 2003).  This practice was developed as part of a public awareness program to demonstrate

his finger in my pookie." Appellant denied doing "anything to her." An argument with his wife erupted, followed by Mrs. Czachorowski's reaching for the phone to call her parents, Jean and Vance Fisher, to relay the story. During this conversation, Mrs. Fisher apparently heard AAC say, "Daddy stuck his finger in my pookie."

The child's statements, as relayed to Mrs. Czachorowski and overheard by the Fishers, formed the basis of the Government's case. According to trial counsel, AAC was interviewed three times about her allegations and her "memory fell off significantly [after] each interview" until she could not remember the events at all. As such, the Government sought to introduce AAC's statements made to her mother and overheard by her grandparents at trial as excited utterances under M.R.E. 803(2). Defense counsel objected and the military judge agreed, finding that the event that caused the stress was too remote in time to permit an excited utterance exception. The Government then alternatively moved to introduce the statements under the residual hearsay exception of M.R.E. 807, prompting the military judge to hold as follows:

> I believe this testimony is admissible under M.R.E.
> 807, and I'm so ruling. I believe the requirements of
> the rule have been met. I'm looking at the declarant,
> the hearsay declarant in this case, [AAC]. I'm

the operation of a federal court of appeals and the military justice system.

> looking at her emotional state at the time, the spontaneity of the statement, the lack of any possible motive to fabricate, and I believe the interest of justice and the purpose of these rules require admissibility.

In admitting the statements under M.R.E. 807, the military judge also held AAC unavailable to testify, stating that "[t]he child apparently is, for whatever reason, unable to come into this courtroom to provide testimony regarding" her accusation. Trial counsel had previously stated that AAC did "not recall" and "simply d[id]n't remember," and based on that proffer, the military judge concluded as follows: "She doesn't remember it -- I have no clue why. But, in any event, she is unavailable for that purpose." The military judge then permitted Mrs. Czachorowski and the Fishers to testify as to AAC's statements.

Based, in large part, on that evidence, the military judge, sitting as a general court-martial, convicted Appellant of one specification of indecent acts with AAC, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000). The sentence adjudged consisted of a dismissal, confinement for three years, and forfeiture of all pay and allowances, but the convening authority disapproved the forfeitures. In upholding the conviction, the Court of Criminal Appeals affirmed the sentence as approved by the convening authority. United States v. Czachorowski, No. NMCCA 200400735 (N-M. Ct. Crim. App. Jan. 23, 2007) (unpublished).

4

II.

Appellant argues that the military judge's decision to admit AAC's hearsay statements violated M.R.E. 807 and Appellant's Sixth Amendment confrontation right. We review the ruling with regard to M.R.E. 807 for an abuse of discretion.[3] United States v. Dewrell, 55 M.J. 131, 137 (C.A.A.F. 2001) (citing United States v. Acton, 38 M.J. 330, 332 (C.M.A. 1993)). Findings of fact are affirmed unless they are clearly erroneous; conclusions of law are reviewed de novo. United States v. Rader, 65 M.J. 30, 32 (C.A.A.F. 2007) (citing United States v. Flores, 64 M.J. 451 (C.A.A.F. 2007)).

We find that on the facts of this case, the Government failed to establish that the admitted hearsay was more probative than other reasonably available evidence, thus rendering the military judge's decision to admit AAC's out-of-court statements through Mrs. Czachorowski's and the Fishers' testimony an abuse of discretion.

---

[3] Regardless of whether the evidence at issue is testimonial in nature, admission at trial still depends on compliance with the rules of evidence. See Whorton v. Bockting, 127 S. Ct. 1173, 1183 (2007) (suggesting that since under "Crawford [v. Washington, 541 U.S. 36 (2004)] . . . the Confrontation Clause has no application to [nontestimonial] statements and therefore permits their admission even if they lack indicia of reliability," the only other bar to their admission is the rules of evidence). As such, and because we hold that admission of AAC's testimony violated M.R.E. 807, we need not reach Appellant's Sixth Amendment claim.

A.

As a threshold matter, Appellant argues that the Government failed to provide advance notice of its intention to seek admission of AAC's out-of-court statements under M.R.E. 807, in violation of the notice requirement of that rule. We disagree.

M.R.E. 807 requires, in pertinent part, that

a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

M.R.E. 807. Trial counsel originally sought admission of this evidence as an excited utterance under M.R.E. 803(2). The military judge sustained a defense objection to admission under M.R.E. 803(2) because AAC made the statement far too temporally remote from the alleged activity. Trial counsel then sought admission through the residual hearsay exception.

Trial counsel gave no formal notice, but defense counsel admitted that he had known about the statement, and trial counsel's intent to seek admission of those statements, since the case's inception. The military judge held that Appellant had a fair opportunity to prepare to confront the statement in advance of trial and admitted the evidence.

There exists a split among the Article III courts of appeals on the nature of notice required. Some circuits look to

6

the legislative history of M.R.E. 807's federal analog to argue that formal, pretrial notice is a prerequisite for admission under the residual hearsay exception.[4]  Other circuits have adopted a more flexible approach.[5]  We are persuaded by the latter view.  A formal notice requirement -- that is, oral or written notification of the intended use of M.R.E. 807 -- is clearly absent from the rule.  The rule does require the proponent to give (1) advance notice (2) of the statements (3) to allow the adverse party to challenge the statements'

---

[4] See, e.g., United States v. Ruffin, 575 F.2d 346, 357-58 (2d Cir. 1978) (requiring formal, pretrial advance notice based on evidence of the intent of Congress, where the lead sponsor of the legislation stated:  "'We met with opposition [on the requirement of advance notice.]  There were amendments offered that would let them do this right on into trial.  But we thought the requirement should stop prior to trial and they would have to give notice before trial.  That is how we sought to protect them.'" (quoting 120 Cong. Rec. H12256 (daily ed. Dec. 18, 1974) (remarks of Rep. William L. Hungate, Chairman, H. Subcomm. on Criminal Justice) (interpolation in Ruffin))).

[5] See, e.g., United States v. Bachsian, 4 F.3d 796, 799 (9th Cir. 1993) (excusing the failure of the prosecution to provide notice before trial as accused had been informed that the government intended to introduce the documents into evidence on a different ground, the accused was provided with copies of the documents at least two months prior to trial and did not claim he was unable to prepare, request a continuance, and did not object to lack of notice); United States v. Bailey, 581 F.2d 341, 348 (3d Cir. 1978) (adopting a more flexible approach for notice during trial based on other courts of appeals' decisions that have held that "the purpose of the advance notice provision of the rule is satisfied even though notice is given after the trial begins, as long as there is sufficient opportunity provided for the adverse party to prepare for and contest the admission of the evidence offered pursuant to the rule"); United States v. Leslie, 542 F.2d 285, 291 (5th Cir. 1976) (same; 5 Jack B. Weinstein &

admission and substance.  Any advance notice requirement, then, applies to the statements, not to the means by which the proponent intends to seek admission of those statements.  Trial defense counsel admitted that he knew of AAC's statements and trial counsel's intention to admit them into evidence long before trial.  That satisfies the notice requirement of M.R.E. 807.

B.

Having found no abuse of discretion in the military judge's finding that M.R.E. 807's notice requirement had been met, we turn now to Appellant's substantive claim that the admitted statements violated M.R.E. 807.  The residual hearsay exception embraced by M.R.E. 807 permits, in rare circumstances,[6] the introduction of hearsay testimony otherwise not covered by M.R.E. 803 or M.R.E. 804 where, given "equivalent circumstantial guarantees of trustworthiness," the military judge

> determines that (A) the statement is offered as
> evidence of a material fact; (B) the statement is more
> probative on the point for which it is offered than
> other evidence which the proponent can procure through
> reasonable efforts; and (C) the general purposes of

---

Margaret A. Berger, Weinstein's Federal Evidence § 807.04[2], at 807-37 (Joseph M. McLaughlin ed., 2d ed. 2008).

[6] According to the legislative history of Fed. R. Evid. 803(24), which corresponded to M.R.E. 803(24), the residual exception was to "be used very rarely and only in exceptional circumstances." S. Rep. No. 1277 (1974), as reprinted in 1974 U.S.C.C.A.N. 7051, 7066; United States v. Guaglione, 27 M.J. 268, 274 (C.M.A. 1988).

>these rules and the interests of justice will best be
>served by admission of the statement into evidence.

M.R.E. 807. Clause B balances the probativeness of available evidence, and requires the proponent of the evidence to show he could not obtain more probative evidence despite "reasonable efforts." Failure to meet that burden renders the evidence inadmissible.

In United States v. Kim, 595 F.2d 755 (D.C. Cir. 1979), for example, the defendant faced charges of conspiracy to defraud the United States by bribing members of Congress with money received from the Korean Central Intelligence Agency (KCIA). Id. at 757. He sought to rebut evidence suggesting that his severe financial difficulties were resolved the very day he received the bribery monies from a KCIA agent through a telex from a Korean bank. This document showed significant alternative sources of income and fund withdrawals at times unrelated to the bribery scheme. Id. at 759. The trial court rejected the telex, offered under the residual hearsay exception of Fed. R. Evid. 803(24). Id. at 757. While the telex may have been the most probative evidence available as to the dates and amounts of prior bank deposits and withdrawals, the defense offered it as evidence of substantial alternative sources to account for the defendant's expenditures. Id. at 766. What is more, the defendant had failed to show his inability to produce

9

"actual business records reflecting the profitable business activities which produced that income, or testimony from business partners, employees and accountants as to the actual income source in some active business." Id.

Similarly, in DeMars v. Equitable Life Assurance Society, 610 F.2d 55 (1st Cir. 1979), the trial court, pursuant to Fed. R. Evid. 804(b)(5), permitted the plaintiff's counsel to read to the jury a portion of a letter written by a deceased physician containing the physician's theory on the cause of death of the insured. Id. at 59. The First Circuit found admission of that evidence in error because the plaintiff had failed to show that more probative evidence was unavailable. Id. at 60-61. After all, since the physician's opinion "was based solely on his examination of the decedent's medical and hospital records, the death certificate and the report of the postmortem examination[,] any other physician could have been obtained to render an opinion on fairly short notice." Id. at 61.

Often, then, because the direct testimony of the hearsay declarant ordinarily would be judged the most probative evidence, a showing that the out-of-court declarant is unavailable to testify would be helpful to fulfill the requirements of Rule 807(B). E.g., United States v. W. B., 452 F.3d 1002, 1005-06 (8th Cir. 2006); Saltzburg, supra note 1,

10

§ 807.02[7] (the language "signals that the declarant's unavailability, while not specifically required by this provision, is still a consideration in determining its use").

This case, then, asks us to consider whether a trial counsel's bare assertion of a declarant's unavailability satisfies the Government's burden to prove the unavailability of other direct and more probative evidence on point. We hold that it does not.

We are aware of no case where such an uncorroborated assertion satisfies the proponent's Rule 807(B) burden. What is more, courts have found the residual hearsay exception inapplicable when the evidence is not unreasonably difficult to obtain directly from an available declarant. United States v. Scrima, 819 F.2d 996, 1001 (11th Cir. 1987) (holding Fed. R. Evid. 803(24) not applicable when the proponent of the evidence made no showing that reasonable efforts could not have produced a witness with direct, personal knowledge); United States v. Taylor, 792 F.2d 1019, 1027 (11th Cir. 1986) (finding error in the trial court's admission of hearsay evidence when the declarant could have been questioned about her own statements); Elizarraras v. Bank of El Paso, 631 F.2d 366, 374 n.24 (5th Cir. 1980) (stating that Fed. R. Evid. 803(24) exception is generally not applicable where the declarant is available to testify).

A trial judge, then, cannot take it for granted that a declarant of any age is unavailable or forgetful, and then admit hearsay testimony under the residual exception instead. Absent personal observation or a hearing, some specific evidence of reasonable efforts to obtain other probative evidence is still required under M.R.E. 807(B). It was insufficient, for example, for prosecutors to justify assault victims' unavailability based solely on counsel's assertion to the court that the "victims were tourists scheduled to depart" the jurisdiction. Government of the Canal Zone v. Pinto, 590 F.2d 1344, 1352 (5th Cir. 1979).

However, that is exactly the type of assertion on which the military judge relied in this case. Trial counsel stated, without evidence of record, that AAC had lost all memory of the assaults over the previous year. This record also indicates that the military judge neither conducted an individual assessment of AAC's unavailability in this case nor sought additional corroboration, choosing instead to take AAC's unavailability for granted. The military judge found that AAC "either doesn't recall or has no independent recollection or other basis for saying that she uttered th[e accusatory] words," adding that "[t]he child apparently is, for whatever reason, unable to come into this courtroom to provide testimony regarding this. She doesn't remember it -- I have no clue why." By ignoring the Government's burden to prove that reasonable

12

efforts could not be made to bring AAC to testify herself, the military judge erred when he apparently relied on trial counsel's assertion that AAC's "memory fell off significantly" and that she "simply doesn't remember," and found AAC unavailable without a basis for that finding other than the assertion.

Nor did trial defense counsel concede the issue of unavailability. Like the military judge, defense counsel was simply confronted with trial counsel's bare assertion that AAC was unavailable without any explanation. Defense counsel stated that "we've been advised in the pretrial conference, [that] the child will not testify" and that he did not know, "beyond what was said [at trial], why the child will not come in." Rather than conceding AAC's unavailability, defense counsel thus highlighted the meager foundation upon which the military judge's determination stood.

Since the Government failed to establish that it could not procure more probative testimony through other reasonable means, as required by M.R.E. 807(B), admission of AAC's out-of-court statements was error that materially prejudiced Appellant's substantial rights under Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000).

III.

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is reversed.  The findings and sentence are set aside.  The record is returned to the Judge Advocate General of the Navy.  A rehearing is authorized.

United States v. Czachorowski, No. 07-0379/NA

BAKER, Judge (concurring in part and in the result):

I agree with the result in this case; however, I write separately to distinguish my views from those of the majority in two respects. First, the requirement for notice is more nuanced than as presented in the majority opinion. In my view, Military Rule of Evidence (M.R.E.) 807 requires notice that a proponent intends to offer evidence under the residual hearsay exception, not simply that the proponent intends to offer the hearsay evidence in some manner. Second, in light of its conclusions regarding notice, the Court's opinion does not fully address the colloquy between the military judge and defense counsel on the issue of the unavailability of the child witness. My reading of the record suggests that the military judge may have assumed that he obtained a concession from defense counsel.

I.

The majority concludes that the notice requirement of M.R.E. 807 is satisfied as long as the proponent notifies the other party that it intends to offer the hearsay statements. However, the text of the rule makes it clear that the notice contemplated is for hearsay "admitted under this exception," and not just under a hearsay exception, expressly noting that:

> a statement may not be <u>admitted under this exception</u> unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing <u>to provide the adverse party with a fair opportunity to prepare to meet it</u>, the proponent's intention to offer the statement

> and the particulars of it, including the name and address
> of the declarant.

M.R.E. 807 (emphasis added).

Moreover, if no more than generalized notice were required an adverse party would not have a "fair opportunity to prepare to meet it," because he would not have prepared to address the three threshold requirements found within the rule.

A contrary reading is inconsistent with military practice. The military system has long been one of open discovery. See Article 46, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 846 (2000); Rule for Courts-Martial (R.C.M.) 701. Thus, in most cases, excluding rebuttal evidence, the parties will obviously have been put on notice that hearsay evidence is likely to be offered. So, it would make little sense to have a rule that requires notice of something of which a party is likely to already be aware. Therefore, given the myriad hearsay exceptions, the rule more logically requires notice of intent to offer the statements under the residual exception. This would be consistent with how most other federal circuits view the requirement. See Kirk v. Raymark Indus., Inc., 61 F.3d 147, 167 (3d Cir. 1995); Wilco Kuwait (Trading) S.A.K. v. DeSavary, 843 F.2d 618, 628 (1st Cir. 1988); United States v. Brown, 770 F.2d 768, 771 (9th Cir. 1985); United States v. Atkins, 618 F.2d 366, 372 (5th Cir. 1980); United States v. Guevara, 598 F.2d 1094,

1100 (7th Cir. 1979); United States v. Ruffin, 575 F.2d 346, 358 (2d Cir. 1978).  It is also consistent with this Court's practical approach to the preservation of objections and the rules of evidence generally.

The purpose of notice is to allow the parties the opportunity to know on what basis they should be prepared to argue the admission of evidence.  As this case illustrates, this approach makes particular sense with respect to M.R.E. 807, which raises legal and factual predicates that are distinct from those at issue in applying other specific hearsay exceptions. We have implicitly accepted this reading of the notice requirement of the residual hearsay rule in one of our own cases.  See United States v. Grant, 42 M.J. 340, 341 (C.A.A.F. 1995) ("As required by the . . . rule, [trial counsel] provided notice of intent to offer residual hearsay.").

Nonetheless, notwithstanding my disagreement with the Court on the notice requirement, I would not resolve the case on this issue.  Counsel raised the notice issue and indicated he was aware of the intent to offer the statements but was not aware that they would be offered as residual hearsay.  However, he did not indicate that he needed more time to prepare to meet the evidence offered under the residual theory.

II.

The majority's conclusion regarding notice is relevant to whether defense counsel conceded the admissibility of the hearsay evidence. The Court's rendition of what happened at trial suggests that the military judge received a proffer from trial counsel concerning the child witness's availability and without more, ruled that the child was unavailable. A fuller reading of the record suggests that the military judge was seeking, albeit unsuccessfully, a concession from civilian defense counsel on the availability of the child, to inform his application of M.R.E. 807 to the hearsay evidence, which in the context of this case might have proven determinative. The relevant part of the record reads:

> MJ: Now, I've just asked for a proffer from the government. The child apparently is, for whatever reason, unable to come into this courtroom to provide testimony regarding this. She doesn't remember it -- I have no clue why. But in any event, she is unavailable for that purpose. So that statement, if it comes in at all, it would have to come in through the mother. There is no other source of that evidence, as I understand the state of the evidence to date. Does the defense dispute that?
>
> CDC: That there's no other evidence?
>
> MJ: No other evidence for -- of that statement. That's the evidence being offered, "Daddy put his finger in my pookie." Now, as I understand what the government proffered -- you can dispute this proffer, but as I understand what the government proffered is if it comes in, it comes in through the mother or it doesn't come in at all because there's no other source of that information. The child either doesn't recall

4

> it or for whatever reason cannot come in here and say, "Daddy did this to me."
>
> CDC:  That makes sense and, not to make matters any more complicated than they can be, I don't know, beyond what was said here this morning, why the child will not come in here and there may be -- I don't know, there may be a Brady issue at a later time after you rule on this motion.
>
> . . . .
>
> MJ:  . . . So I guess what I'm asking you, Mr. Perillo, is do you have any reason to suggest that there is other evidence out there on this point?
>
> CDC:  The only other --
>
> MJ:  On this point of evidence, "Daddy put his finger in my pookie."
>
> CDC:  If I understand your question, the only other evidence I'm aware of is the medical testimony, such as it is, from the nurse, the doctor and --

Shortly after defense counsel's abbreviated response, the military judge ruled that the hearsay statement of the child was admissible under M.R.E. 807.  If, in fact, as the majority concludes, defense counsel had already received fair notice under M.R.E. 807, then it would be fair to read counsel's statement as a concession on admissibility under M.R.E. 807.  However, since it is my view counsel did not receive the requisite notice under M.R.E. 807, I do not believe defense counsel conceded the availability issue or the necessity requirement of M.R.E. 807.  As a result, it became incumbent on the proponent of this evidence, the Government, to carry its

5

burden of showing that the hearsay statements were more probative on the issue than any other evidence available to it. Since this did not occur, the military judge admitted the testimony as the Court concludes -- without evidence satisfying the requirements of M.R.E. 807. Accordingly, I concur in the result.

United States v. Czachorowski, 07-0379/NA

RYAN, Judge (dissenting):

I agree with Judge Baker that the notice requirement of Military Rule of Evidence (M.R.E.) 807 requires specific notice of intent to offer a statement under the residual exception to the hearsay rule. See Czachorowski, __ M.J. __ (1-3) (Baker, J., concurring in part and in the result). However, I disagree with the majority and Judge Baker's conclusion that the military judge abused his discretion in admitting the hearsay statement.

We review a military judge's decision to admit evidence for an abuse of discretion. United States v. Donaldson, 58 M.J. 477, 482 (C.A.A.F. 2003). In a decision to admit or exclude evidence, "a military judge abuses his discretion if his findings of fact are clearly erroneous or his conclusions of law are incorrect." United States v. Ayala, 43 M.J. 296, 298 (C.A.A.F. 1995); see also Donaldson, 58 M.J. at 488 (granting military judges considerable discretion in admitting evidence as residual hearsay); United States v. Pollard, 38 M.J. 41, 49 (C.A.A.F. 1993) ("The ruling of the military judge admitting residual hearsay is entitled to 'considerable discretion' on appellate review."). Here the military judge correctly delineated the legal test for the admission of residual hearsay and his findings of fact were not clearly erroneous. He did not abuse his discretion, let alone the "considerable discretion," this Court previously afforded him.

The second prong of M.R.E. 807 requires that the evidence proffered be "more probative on the point for which it is offered than other evidence." M.R.E. 807(B). While I agree with the majority that the purpose of the second prong is to "balance[] the probativeness of available evidence," Czachorowski, __ M.J. at __ (9) (emphasis added), I disagree that when the parties apparently agree there is no other evidence, the military judge nonetheless has an independent duty either to seek other more probative evidence or to require the proponent to prove none exists.

After a timely hearsay objection by the defense, the Government asserted that AAC, a five-year-old child, no longer remembered the event and that AAC's mother's testimony was the only other evidence of AAC's original statement. When provided a chance to rebut the Government's assertion, defense counsel instead conceded, at the end of the colloquy described by Judge Baker, Czachorowski, __ M.J. at __ (4-5) (Baker, J., concurring in part and in the result), that "the only evidence of which I'm aware as to the alleged statement of the child would be mom."[1]

---

[1] Judge Baker suggests that despite the military judge's acceptance of the defense counsel's apparent concession that AAC was unavailable, defense counsel could not concede because he did not have proper notice of the basis on which the evidence was being offered. But the military judge neither abused his discretion nor committed plain error: defense counsel was so informed at trial and never suggested to the military judge either that he disagreed that AAC was unavailable because she

Presented with no other evidence against which to balance the probative value of the mother's testimony, the military judge concluded that the mother's testimony was "more probative on the point for which it [was] offered than any other evidence." M.R.E. 807(B).[2]  In light of the record when viewed in its entirety, the military judge's conclusion was plausible and therefore not clearly erroneous.  See Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985) ("If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.").

The majority asserts that the military judge nonetheless erred because even where the defense does not contest that the hearsay declarant is unavailable and the defense agrees there is no other more probative evidence, the Government still has a burden to "prove the unavailability of other direct and more

---

did not remember or that he needed more time to challenge the admissibility of the evidence as residual hearsay.

[2] The military judge concluded:

> That's how I understand the state of the evidence. So, under that rationale, then this is the only evidence probative of that point.  There is no other evidence, and so therefore, the second part of the test under 807 is met by the government because there is no other evidence on this point.

probative evidence on point." See Czachorowski, __ M.J. at __ (8-12). This approach appears novel. The cases cited by the majority stand for the proposition that prong (B) of the residual hearsay exception must be considered and satisfied, a point of law with which I agree. But no case suggests that M.R.E. 807(B) is not satisfied where there is no factual dispute that the hearsay declarant does not remember the event and both parties agree that the proffered testimony is the only probative evidence. The majority's contrary suggestion -- that to satisfy M.R.E. 807(B) the military judge is still required in this situation to make some personal observations about the hearsay declarant, to cite specific evidence, or to hold a hearing to establish that reasonable efforts were made to obtain other probative evidence, Czachorowski, __ M.J. __ at (11-12) -- places a burden on the military judge not contemplated by the rules of evidence. Just as the rules, except in instances of plain error, put no duty on the military judge to interpose himself between counsel and evidence that, if objected to, would be inadmissible, see M.R.E. 103(a) (requiring parties to make timely objections to prevent the admission of inadmissible evidence), the military judge has no affirmative duty to worry and challenge facts to which the parties apparently agree.

The sole issue contested by the parties with respect to the admissibility of AAC's hearsay statement was whether the third

4

prong of M.R.E. 807 was satisfied; residual hearsay is admissible only if "the general purpose of [the M.R.E.] and the interests of justice will best be served by admission of the statement into evidence."  M.R.E. 807(C).  Couched in other terms, the statement must be highly reliable.  United States v. Wellington, 58 M.J. 420, 425 (C.A.A.F. 2003) (quoting United States v. Giambra, 33 M.J. 331, 334 (C.M.A. 1991).[3]

Having established from the defense counsel's concession that no alternative evidence was available, the military judge properly focused his inquiry, and the parties their arguments, on the question whether the hearsay was sufficiently reliable. The record reflects that, immediately after reviewing one of this Court's prior decisions, the military judge explicitly addressed the factors we identified and made specific findings relating to AAC's mental state, the spontaneity of her statement, the absence of suggestive questioning, and the circumstances under which the statement was made.  See, e.g., Donaldson, 58 M.J. at 488 (listing factors).

There is no doubt that the military judge could have reasonably ruled in favor of excluding the hearsay on the ground it was not sufficiently reliable, which was the actual point of

---

[3] As the military judge stated in his formal ruling on the defense motion, "There wasn't a question regarding materiality, probative value and necessity, but only the trustworthiness of the statement, and those factors were laid out on the record."

5

contention between the parties in this case.  The mother and her parents were the only ones who heard the child's statement, the marriage between the mother and Appellant was both dysfunctional and in disarray, the mother had a history of mental illness and dishonesty, and neither the physical evidence nor the extrinsic evidence from those who had interviewed the child unequivocally supported the statement.  Ultimately, however, the military judge applied the correct law; he was in the best position to judge the credibility of the mother and her parents; and his findings of fact, including those credibility determinations, were not clearly erroneous.  See Anderson, 470 U.S. at 574 ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

The facts of this case are troubling, but the military judge did not abuse his discretion, and the Court of Criminal Appeals conducted a proper legal and factual sufficiency review. United States v. Czachorowski, No. NMCCA 200400735 (N-M. Ct. Crim. App. Jan. 23, 2007) (unpublished).

I respectfully dissent.