Judge STUCKY delivered the opinion of the Court.
We granted Appellant’s petition to determine whether the military judge abused his discretion when he admitted into evidence the victim’s out-of-court statements accusing her father of indecent acts over a defense objection that admission violated Military Rule of Evidence (M.R.E.) 807[1] and the Sixth Amendment to the Constitution. We hold that, on the facts of this case, the military judge improperly admitted the testimony and, accordingly, reverse the decision of the United States Navy-Marine Corps Court of Criminal Appeals.[2]
I.
Appellant allegedly digitally penetrated his four-year-old daughter, AAC, on several occasions. On January 11, 2002, after one such incident, AAC stated to her mother that “Daddy sticks his finger in my pookie.” Appellant denied doing “anything to her.” An argument with his wife erupted, followed by Mrs. Czachorowski’s reaching for the phone to call her parents, Jean and Vance Fisher, to relay the story. During this conversation, Mrs. Fisher apparently heard AAC say, “Daddy stuck his finger in my pookie.”
The child's statements, as relayed to Mrs. Czachorowski and overheard by the Fishers, formed the basis of the Government’s case. According to trial counsel, AAC was interviewed three times about her allegations and her “memory fell off significantly [after] each interview” until she could not remember the events at all. As such, the Government sought to introduce AAC’s statements made to her mother and overheard by her grandparents at trial as excited utterances under M.R.E. 803(2). Defense counsel objected and the military judge agreed, finding that the event that caused the stress was too remote in time to permit an excited utterance exception. The Government then alternatively moved to introduce the statements under the residual hearsay exception of M.R.E. 807, prompting the military judge to hold as follows:
I believe this testimony is admissible under M.R.E. 807, and I’m so ruling. I believe the requirements of the rule have been met. I’m looking at the declarant, the hearsay declarant in this ease, [AAC]. I’m looking at her emotional state at the time, the spontaneity of the statement, the lack of any possible motive to fabricate, and I believe the interest of justice and the purpose of these rules require admissibility.
In admitting the statements under M.R.E. 807, the military judge also held AAC unavailable to testify, stating that “[t]he child apparently is, for whatever reason, unable to *434 come into this courtroom to provide testimony regarding” her accusation. Trial counsel had previously stated that AAC did “not recall” and “simply d[id]n’t remember,” and based on that proffer, the military judge concluded as follows: “She doesn’t remember it — I have no clue why. But, in any event, she is unavailable for that purpose.” The military judge then permitted Mrs. Czachorowski and the Fishers to testify as to AAC’s statements.
Based, in large part, on that evidence, the military judge, sitting as a general court-martial, convicted Appellant of one specification of indecent acts with AAC, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000). The sentence adjudged consisted of a dismissal, confinement for three years, and forfeiture of all pay and allowances, but the convening authority disapproved the forfeitures. In upholding the conviction, the Court of Criminal Appeals affirmed the sentence as approved by the convening authority. United States v. Czachorowski, No. NMCCA 200400735 (N.M.Ct.Crim.App. Jan. 23, 2007) (unpublished).
II.
Appellant argues that the military judge’s decision to admit AAC’s hearsay statements violated M.R.E. 807 and Appellant’s Sixth Amendment confrontation right. We review the ruling with regard to M.R.E. 807 for an abuse of discretion.[3] United States v. Dewrell, 55 M.J. 131, 137 (C.A.A.F.2001) (citing United States v. Acton, 38 M.J. 330, 332 (C.M.A.1993)). Findings of fact are affirmed unless they are clearly erroneous; conclusions of law are reviewed de novo. United States v. Rader, 65 M.J. 30, 32 (C.A.A.F. 2007) (citing United States v. Flores, 64 M.J. 451 (C.A.A.F.2007)).
We find that on the facts of this case, the Government failed to establish that the admitted hearsay was more probative than other reasonably available evidence, thus rendering the military judge’s decision to admit AAC’s out-of-court statements through Mrs. Czachorowski’s and the Fishers’ testimony an abuse of discretion.
A.
As a threshold matter, Appellant argues that the Government failed to provide advance notice of its intention to seek admission of AAC’s out-of-court statements under M.R.E. 807, in violation of the notice requirement of that rule. We disagree.
M.R.E. 807 requires, in pertinent part, that
a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent’s intention to offer the statement and the particulars of it, including the name and address of the declarant.
M.R.E. 807. Trial counsel originally sought admission of this evidence as an excited utterance under M.R.E. 803(2). The military judge sustained a defense objection to admission under M.R.E. 803(2) because AAC made the statement far too temporally remote from the alleged activity. Trial counsel then sought admission through the residual hearsay exception.
Trial counsel gave no formal notice, but defense counsel admitted that he had known about the statement, and trial counsel’s intent to seek admission of those statements, since the case’s inception. The military judge held that Appellant had a fair opportunity to prepare to confront the statement in advance of trial and admitted the evidence.
*435 There exists a split among the Article III courts of appeals on the nature of notice required. Some circuits look to the legislative history of M.R.E. 807’s federal analog to argue that formal, pretrial notice is a prerequisite for admission under the residual hearsay exception.[4] Other circuits have adopted a more flexible approach.[5] We are persuaded by the latter view. A formal notice requirement — that is, oral or written notification of the intended use of M.R.E. 807— is clearly absent from the rule. The rule does require the proponent to give (1) advance notice (2) of the statements (3) to allow the adverse party to challenge the statements’ admission and substance. Any advance notice requirement, then, applies to the statements, not to the means by which the proponent intends to seek admission of those statements. Trial defense counsel admitted that he knew of AAC’s statements and trial counsel’s intention to admit them into evidence long before trial. That satisfies the notice requirement of M.R.E. 807.
B.
Having found no abuse of discretion in the military judge’s finding that M.R.E. 807’s notice requirement had been met, we turn now to Appellant’s substantive claim that the admitted statements violated M.R.E. 807. The residual hearsay exception embraced by M.R.E. 807 permits, m rare circumstances,[6] the introduction of hearsay testimony otherwise not covered by M.R.E. 803 or M.R.E. 804 where, given “equivalent circumstantial guarantees of trustworthiness,” the military judge
determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.
M.R.E. 807. Clause B balances the probativeness of available evidence, and requires the proponent of the evidence to show he could not obtain more probative evidence despite “reasonable efforts.” Failure to meet that burden renders the evidence inadmissible.
In United States v. Kim, 595 F.2d 755 (D.C.Cir.1979), for example, the defendant faced charges of conspiracy to defraud the United States by bribing members of Congress with money received from the Korean Central Intelligence Agency (KCIA). Id. at 757. He sought to rebut evidence suggesting that his severe financial difficulties were resolved the very day he received the bribery *436 monies from a KCIA agent through a telex from a Korean bank. This document showed significant alternative sources of income and fund withdrawals at times unrelated to the bribery scheme. Id. at 759. The trial court rejected the telex, offered under the residual hearsay exception of Fed.R.Evid. 803(24). Id. at 757. While the telex may have been the most probative evidence available as to the dates and amounts of prior bank deposits and withdrawals, the defense offered it as evidence of substantial alternative sources to account for the defendant’s expenditures. Id. at 766. What is more, the defendant had faded to show his inability to produce “actual business records reflecting the profitable business activities which produced that income, or testimony from business partners, employees and accountants as to the actual income source in some active business.” Id.
Similarly, in deMars v. Equitable Life Assurance Society, 610 F.2d 55 (1st Cir.1979), the trial court, pursuant to Fed.R.Evid. 804(b)(5), permitted the plaintiffs counsel to read to the jury a portion of a letter written by a deceased physician containing the physician’s theory on the cause of death of the insured. Id. at 59. The First Circuit found admission of that evidence in error because the plaintiff had failed to show that more probative evidence was unavailable. Id. at 60-61. After all, since the physician’s opinion “was based solely on his examination of the decedent’s medical and hospital records, the death certificate and the report of the postmortem examination[,] any other physician could have been obtained to render an opinion on fairly short notice.” Id. at 61.
Often, then, because the direct testimony of the hearsay declarant ordinarily would be judged the most probative evidence, a showing that the out-of-court declarant is unavailable to testify would be helpful to fulfill the requirements of Rule 807(B). E.g., United States v. W.B., 452 F.3d 1002, 1005-06 (8th Cir.2006); Saltzburg, supra note 1, § 807.02[7] (the language “signals that the declarant’s unavailability, while not specifically required by this provision, is still a consideration in determining its use”).
This ease, then, asks us to consider whether a trial counsel’s bare assertion of a declarant’s unavailability satisfies the Government’s burden to prove the unavailability of other direct and more probative evidence on point. We hold that it does not.
We are aware of no case where such an uncorroborated assertion satisfies the proponent’s Rule 807(B) burden. What is more, courts have found the residual hearsay exception inapplicable when the evidence is not unreasonably difficult to obtain directly from an available declarant. United States v. Scrima, 819 F.2d 996, 1001 (11th Cir.1987) (holding Fed.R.Evid. 803(24) not applicable when the proponent of the evidence made no showing that reasonable efforts could not have produced a witness with direct, personal knowledge); United States v. Taylor, 792 F.2d 1019, 1027 (11th Cir.1986) (finding error in the trial court’s admission of hearsay evidence when the declarant could have been questioned about her own statements); Elizarraras v. Bank of El Paso, 631 F.2d 366, 374 n. 24 (5th Cir.1980) (stating that Fed. R.Evid. 803(24) exception is generally not applicable where the declarant is available to testify).
A trial judge, then, cannot take it for granted that a declarant of any age is unavailable or forgetful, and then admit hearsay testimony under the residual exception instead. Absent personal observation or a hearing, some specific evidence of reasonable efforts to obtain other probative evidence is still required under M.R.E. 807(B). It was insufficient, for example, for prosecutors to justify assault victims’ unavailability based solely on counsel’s assertion to the court that the “victims were tourists scheduled to depart” the jurisdiction. Government of the Canal Zone v. Pinto, 590 F.2d 1344, 1352 (5th Cir.1979).
However, that is exactly the type of assertion on which the military judge relied in this case. Trial counsel stated, without evidence of record, that AAG had lost all memory of the assaults over the previous year. This record also indicates that the military judge neither conducted an individual assessment of AAC’s unavailability in this *437 case nor sought additional corroboration, choosing instead to take AAC’s unavailability for granted. The military judge found that AAC “either doesn’t recall or has no independent recollection or other basis for saying that she uttered th[e accusatory] words,” adding that “[t]he child apparently is, for whatever reason, unable to come into this courtroom to provide testimony regarding this. She doesn’t remember it — I have no clue why.” By ignoring the Government’s burden to prove that reasonable efforts could not be made to bring AAC to testify herself, the military judge erred when he apparently relied on trial counsel’s assertion that AAC’s “memory fell off significantly” and that she “simply doesn’t remember,” and found AAC unavailable without a basis for that finding other than the assertion.
Nor did trial defense counsel concede the issue of unavailability. Like the military judge, defense counsel was simply confronted with trial counsel’s bare assertion that AAC was unavailable without any explanation. Defense counsel stated that “we’ve been advised in the pretrial conference, [that] the child will not testify” and that he did not know, “beyond what was said [at trial], why the child will not come in.” Rather than conceding AAC’s unavailability, defense counsel thus highlighted the meager foundation upon which the military judge’s determination stood.
Since the Government failed to establish that it could not procure more probative testimony through other reasonable means, as required by M.R.E. 807(B), admission of AAC’s out-of-court statements was error that materially prejudiced Appellant’s substantial rights under Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000).
III.
The decision of the United States Navy-Marine Corps Court of Criminal Appeals is reversed. The findings and sentence are set aside. The record is returned to the Judge Advocate General of the Navy. A rehearing is authorized.

. Pursuant to the June 1999 Amendments to the Military Rules of Evidence, M.R.E. 803(24) and M.R.E. 804(b)(5) were combined and promulgated as M.R.E. 807. 2 Stephen A. Saltzburg et al., Military Rules of Evidence Manual § 807.02[1] & n.l (6th ed.2006). The change did not alter the meaning or application of the residual hearsay exception. Id. Similarly, Federal Rules of Evidence (Fed.R.Evid.) 803(24) was consolidated with the other residual hearsay exception, Fed. R.Evid. 804(b)(5), into Fed.R.Evid. 807. "The text was not altered in any material way because ‘no change in meaning was intended.’ ” United States v. Brothers Constr. Co. of Ohio, 219 F.3d 300, 309 n. 2 (4th Cir.2000) (quoting Fed.R.Evid. 807 advisory committee’s note).

. Oral argument in this case was heard at The Catholic University of America, Columbus School of Law, Washington, D.C., as part of the Court’s "Project Outreach.” See United States v. Mahoney, 58 M.J. 346, 347 n. 1 (C.A.A.F.2003). This practice was developed as part of a public awareness program to demonstrate the operation of a federal court of appeals and the military justice system.

. Regardless of whether the evidence at issue is testimonial in nature, admission at trial still depends on compliance with the rules of evidence. See Whorton v. Bockting,-U.S.-, 127 S.Ct. 1173, 1183, 167 L.Ed.2d 1 (2007) (suggesting that since under “Crawford [v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)] ... the Confrontation Clause has no application to [nontestimonial] statements and therefore permits their admission even if they lack indicia of reliability,” the only other bar to their admission is the rules of evidence). As such, and because we hold that admission of AAC’s testimony violated M.R.E. 807, we need not reach Appellant's Sixth Amendment claim.

. See, e.g., United States v. Ruffin, 575 F.2d 346, 357-58 (2d Cir.1978) (requiring formal, pretrial advance notice based on evidence of the intent of Congress, where the lead sponsor of the legislation stated: “ ‘We met with opposition [on the requirement of advance notice.] There were amendments offered that would let them do this right on into trial. But we thought the requirement should stop prior to trial and they would have to give notice before trial. That is how we sought to protect them.’ ” (quoting 120 Cong. Rec. H12256 (daily ed. Dec. 18, 1974) (remarks of Rep. William L. Hungate, Chairman, H. Sub-comm. on Criminal Justice) (interpolation in Ruffin))).

. See, e.g., United States v. Bachsian, 4 F.3d 796, 799 (9th Cir.1993) (excusing the failure of the prosecution to provide notice before trial as accused had been informed that the government intended to introduce the documents into evidence on a different ground, the accused was provided with copies of the documents at least two months prior to trial and did not claim he was unable to prepare, request a continuance, and did not object to lack of notice); United States v. Bailey, 581 F.2d 341, 348 (3d Cir.1978) (adopting a more flexible approach for notice during trial based on other courts of appeals’ decisions that have held that "the purpose of the advance notice provision of the rule is satisfied even though notice is given after the trial begins, as long as there is sufficient opportunity provided for the adverse party to prepare for and contest the admission of the evidence offered pursuant to the rule”); United States v. Leslie, 542 F.2d 285, 291 (5th Cir.1976) (same); 5 Jack B. Weinstein & Margaret A. Berger, Weinstein’s Federal Evidence § 807.04[2], at 807-37 (Joseph M. McLaughlin ed., 2d ed.2008).

. According to the legislative history of Fed. R.Evid. 803(24), which corresponded to M.R.E. 803(24), the residual exception was to "be used very rarely and only in exceptional circumstances." S.Rep. No. 1277 (1974), as reprinted in 1974 U.S.C.C.A.N. 7051, 7066; United States v. Guaglione, 27 M.J. 268, 274 (C.M.A.1988).