# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ROBERT O. BOZEMAN**
**United States Army, Appellant**

ARMY 20080711

Headquarters, III Corps and Fort Hood
Gregory A. Gross, Military Judge
Colonel Mark Cremin, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene Jamison, JA; Major Laura Kesler, JA; Lieutenant Colonel Jonathan F. Potter, JA (on brief).

For Appellee: Major Amber J. Williams, JA; Major LaJohnne A. White, JA; Captain Christopher B. Witwer, JA (on brief).

27 December 2011

----------------------------------
SUMMARY DISPOSITION
----------------------------------

BURTON, Judge:

A panel of officer and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of two specifications of willfully disobeying a superior commissioned officer and one specification of engaging in an indecent liberty with a child as a lesser-included offense of attempted abusive sexual contact with a child, in violation of Articles 90 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 890 and 920 (2007) [hereinafter UCMJ]. Appellant was also convicted, contrary to his pleas, of two adultery specifications, *see Manual for Courts-Martial, United States* (2008 ed.) [hereinafter *MCM*], Part IV, para. 62, and one specification alleging an indecent act with a child, *see Manual for Courts-Martial, United States* (2002 ed.) [hereinafter *MCM*, 2002], Part IV, para. 87, *deleted by* Exec. Order No. 13447, 72 Fed. Reg. 56179 (Sep. 28, 2007), both in violation of Article 134, UCMJ.[*] The convening authority approved the adjudged

---

[*] Appellant was found not guilty of one adultery specification.

sentence to a bad-conduct discharge and confinement for three years, and credited appellant with 127 days of confinement against the approved sentence to confinement. Appellant's case is now before this court for review under Article 66, UCMJ, and he has raised three assignments of error. In addition, it is evident that the three specifications of Charge III, setting forth violations of Article 134, UCMJ, do not expressly allege a terminal element.

## LAW AND DISCUSSION

*Erroneous Instruction on a Lesser-Included Offense*

On defense motion under Rule for Courts-Martial [hereinafter R.C.M.] 917, the military judge found appellant not guilty of the charged attempted abusive sexual contact with a child in violation of Article 80, UCMJ. Over defense objection, the judge instructed on what he deemed a lesser included offense of that attempt— indecent liberties with a child in violation of Article 120. The court-martial convicted appellant on those instructions. Appellant here complains that the judge erred in providing such instruction, and we agree.

While one might imagine an allegation of attempted abusive sexual contact including specification of an overt act that amounts to an indecent liberty, this is not that case. Indeed, because no overt act was alleged in the attempt charge, and the lesser included offense was derived solely from the evidence adduced at trial, the appellant cannot be held to have been on notice to defend against any such charge under the circumstances. Absent allegation of an overt act that constitutes an indecent liberty as a matter of statutory definition, it is inappropriate to entertain whether the offense of indecent liberty with a child is necessarily included in a charged attempted abusive sexual contact with a child. *See United States v. Alston*, 69 M.J. 214 (2010).

*The Charge III Specifications State an Article 134 Offense*

Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Roberts*, __ M.J. ___, slip op. at 4 (Army Ct. Crim. App. 14 Oct. 2011). Together, the charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy." *Id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)). R.C.M. 307(c)(3). Here, appellant pleaded not guilty to the charges of adultery and indecent acts with a child—which in this case do not expressly allege that appellant's conduct was of a nature to bring discredit upon the armed forces. However, appellant did not object to the language of the charge and specifications at trial, nor did he object in his post-trial matters to the convening authority, or in his appeal to this court. *See United States v. Hoskins*, 17 M.J. 134, 136 (C.M.A. 1984) (listing factors that directly impact the ultimate decision of whether a charge and specification necessarily imply an element). Where a charge and specification are not challenged at trial, their language is to be

liberally construed. *Roberts*, __ M.J. at ___, slip op. at 4 (citing *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986)). *Cf. Fosler*, 70 M.J. at 230. This liberal rule of interpretation is applicable even where an appellant does not plead guilty. *United States v. Fox*, 34 M.J. 99, 102 (C.M.A. 1992); *Roberts*, __ M.J. at ___, slip op. at 5; *United States v. Berner*, 32 M.J. 570, 572 (A.C.M.R. 1991).

In the absence of an objection at trial, we will not set aside a charge and specification unless it is "so obviously defective that it could not be reasonably construed to embrace [a] terminal element." *Roberts*, __ M.J. at ___, slip op. at 5; *United States v. Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986). First, we hold that the indecent acts charge and specification can be so construed, and, therefore, state an offense. The indecent acts charge and specification allege that appellant placed "his penis on the private parts of his daughter," a child under sixteen years of age, with the intent to gratify his sexual desires, all of which is in violation of Article 134, UCMJ. This allegation clearly embraces conduct that is of a nature to bring discredit upon the armed forces, thus implying this terminal element. And second, we hold that the adultery charge and specifications also imply this terminal element. Although the adultery charges at issue in both *Fosler* and this case are similar, the procedural posture of the parties is different. In this case, appellant did not object at trial; therefore, his standing to challenge the charge and specifications is circumscribed. *Roberts*, __ M.J. at ___, slip op. at 4. *Cf. Fosler*, 70 M.J. at 230. Accordingly, the allegation that appellant wrongfully engaged in sexual intercourse with a woman other than his spouse in violation of Article 134, UCMJ, necessarily implies that appellant's conduct was service discrediting.

Furthermore, this textual relationship of necessary implication provided appellant with fair notice. The charge sets forth a violation of Article, 134, UCMJ, and each specification states the date, location, and, when applicable, the victim of the offense. *See, e.g.*, *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994) (holding a maltreatment specification provided notice because "it set[] forth the Article of the Code, name of the victim, the time frame of the offense, and the comments alleged to have been made by appellant"). In addition, the panel was instructed in open court, without comment from appellant or his defense counsel, that each of the Article 134 offenses contained terminal elements and required proof of the same. Buttressed by the presumption of the defense counsel's competence, we conclude that appellant was not misled about the nature of the charges leveled against him. *See MCM*, Part IV, paras. 60.c.(6)(a), and 62.b.; *MCM*, 2002, Part IV, paras. 60.c.(6)(a), and 87.b. Finally, the factual allegations in each specification combined with the record of trial sufficiently protect appellant against double jeopardy.

## CONCLUSION

The findings of guilty of the Specification of Charge I and Charge I are set aside and dismissed. The remaining findings of guilty are affirmed. The dismissal of Charge I does not dramatically change the sentencing landscape. Reassessing the

sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

Senior Judge JOHNSON concurs.

KRAUSS, Judge, concurring in part and dissenting in part and in the result:

I am unable to join my friends in affirming the conviction for indecent act with a child, in Charge III, Specification 1, a conviction based on residual hearsay where the declarant was available, demonstrably capable of competently responding to relevant questions, and let off the witness stand without ever being asked those questions necessary to elicit the salient facts essential for the government to prove its case.

In the case at hand, MB, appellant's daughter, made a number of out-of-court statements at the age of four that implicated her father in a number of acts of sexual molestation. These statements included reference to private parts, her father's privates touching her privates, and so forth. Some of these statements were obtained during a forensic interview with a child protection worker where MB correctly identified her and her father's private parts. Indeed, at the age of four, MB is asked directly whether her father touched her privates with his privates and she responds intelligently.

However, when called to testify two years later, at the age of six, neither the government nor the military judge posed any such questions. Instead the government asked whether the child remembered anything happening on a couch, whether she ever told her grandmother something occurred on the couch, whether she recalled aspects of drawings she rendered when she was four and whether the drawings scared her and questions along those lines. The military judge asked the child to offer an example of the truth, among others geared more toward competence and perhaps laying a foundation for those questions necessary to establish recantation without actually establishing any recantation.[1] Based upon responses that convinced the judge she had been coaxed to recant, he admitted the residual hearsay that convicted appellant on the charge of an indecent act with a child. Appellant objected to their admission.

---

[1] Nor does the record offer any evidence to establish that the witness recanted out of court or expressed an intent to recant if called as a witness.

The military judge's ruling to admit residual hearsay under Military Rule of Evidence [hereinafter Mil. R. Evid.] 807 is reviewed for abuse of discretion. *United States v. Czachorowski*, 66 M.J. 432, 434 (C.A.A.F. 2008). "Findings of fact are affirmed unless they are clearly erroneous; conclusions of law are reviewed de novo." *Id.* Under Mil. R. Evid. 807(B), the proponent of residual hearsay must show that more probative evidence could not be obtained despite "reasonable efforts." *Czachorowski*, 66 M.J. at 435. In this case, then, the government was required to establish that it could not procure more probative testimony through reasonable means before the judge was allowed to admit MB's out-of-court statements. If a child witness is available to testify, the requirement under Mil. R. Evid. 807(B) cannot be met unless the witness either recants her previous statements or demonstrates that she cannot remember the facts that formed the basis of those statements. *Czachorowski*, 66 M.J. at 436. *See, e.g.*, *United States v. O'Rourke*, 57 M.J. 636, 643 (Army Ct. Crim. App. 2002) (citing *United States v. Ureta*, 44 M.J. 290, 296–97 (C.A.A.F. 1996) and *United States v. Giambra*, 33 M.J. 331, 334 (C.M.A. 1991)); *United States v. Peneaux*, 432 F.3d 882, 893 (8th Cir. 2005).

There is no dispute that the child witness was available to testify. Indeed, she did testify on the merits until stopped to take up the question of residual hearsay in an Article 39(a) session. She remained available to testify after the judge ruled such hearsay statements admissible.[2] However, never did either the government or military judge ask the witness whether her father, the accused, touched her or whether she ever said that he touched her in the manner alleged in the charges for which appellant stands convicted. We cannot know whether the witness would have recanted or failed to remember because she was never asked. The standard is not whether the government has established that the witness might recant or whether the witness is likely to recant but whether the witness has actually recanted. *See, e.g.*, *United States v. Haner*, 49 M.J. 72, 75 (1998). There is no good explanation for the failure to ask the witness those questions that would establish whether she would actually recant. This is especially true in light of the fact that she was asked those very questions out of court years before and the answers to those questions were used to convict appellant.

A witness cannot recant testimony about which she was never asked. Respecting the judge's impression that the witness had been coaxed to recant or that she would recant, that impression was based on vague, indirect and ambiguous questions relative to the truth and similarly indirect questions relative to recollection of whether something had happened. The failure of the government or the judge to

---

[2] The judge's declaration that the Confrontation Clause is not implicated because the witness remained available is rather empty in light of his permission for the government to prove its case with residual hearsay. It is unnecessary to resolve whether the error is constitutional, under the circumstances, because application of the nonconstitutional test in this case requires relief.

simply ask the witness whether she had been improperly touched or whether she ever stated such when that witness was available to testify about such matters serves to negate any credible finding of necessity for the admission of those out-of-court statements. *See Czachorowski*, 66 M.J. at 436–37; *United States v. Taylor*, 792 F.2d 1019, 1027 (11th Cir. 1986). Their admission therefore constitutes an abuse of discretion. *Czachorowski*, 66 M.J. at 437. Because admission of the residual hearsay had substantial influence on the finding of guilty to Charge III, Specification 1,[3] that finding should be disapproved. *Pablo*, 53 M.J. at 359.

In light of our reversal of the indecent liberty conviction, because the indecent act with a child offense was the most serious faced by the accused, and because there is a reasonable likelihood of a different sentence if the evidence had been excluded, *United States v. George*, 52 M.J. 259, 262 (C.A.A.F. 2000), the sentence should also be disapproved and the case returned for a rehearing.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court

---

[3] Despite the fact that the civilian defense counsel admitted Defense Exhibit A (including one such statement), he seems to have maintained his previous objection and apparently offered the exhibit only as illustration of his cross-examination of MB's grandmother and not as substantive evidence. Also, the judge ultimately provided an instruction that categorically rejects any reasonable conclusion that Defense Exhibit A could be considered as substantive evidence. In any event, the number and quality of additional residual hearsay statements admitted on the charge and the impossibility of reasonably determining whether, in retrospect, the admission of Defense Exhibit A makes the error harmless warrants reversal of the finding before this court. *See, e.g., United States v. Pablo*, 53 M.J. 356, 359 (C.A.A.F. 2000).