# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Staff Sergeant RACHEL M. BETTS
## United States Air Force

## ACM 38476

## 20 November 2014

Sentence adjudged 15 August 2013 by GCM convened at Hanscom Air Force Base, Massachusetts. Military Judge: Joshua E. Kastenberg (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 5 months, reduction to E-1, and a reprimand.

Appellate Counsel for the Appellant: Major Zaven T. Saroyan; Major Anthony D. Ortiz; and Captain Travis L. Vaughan.

Appellate Counsel for the United States: Lieutenant Colonel Nurit Anderson and Gerald R. Bruce, Esquire.

Before

MITCHELL, SARAGOSA, and WEBER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

SARAGOSA, Judge:

The appellant was tried by a general court-martial composed of a military judge sitting alone. In accordance with her plea, the appellant was found guilty of divers use of heroin, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. She was sentenced to a bad-conduct discharge, confinement for 5 months, reduction to E-1, and a reprimand. The convening authority approved the sentence as adjudged.

On appeal, the appellant raises a single assignment of error asserting the military judge abused his discretion when he admitted residual hearsay statements during the presentencing phase of the court-martial.[1]  Finding no error that materially prejudices the appellant, we affirm.

*Background*

The appellant and her husband, also an active duty Air Force member, had one child, MB, with special medical needs.  The child was partially cared for by a nurse, ML, who came to the home when the appellant and her husband were working.  The appellant's mother-in-law also lived in the home to assist with the care of the child.  In early October 2012, the appellant's husband introduced the appellant to heroin.  He brought heroin to the home and encouraged her to use it.  Although she initially refused, she ultimately allowed him to inject heroin into her.  From this point forward, the appellant and her husband continued to use heroin together.  The appellant's use progressed to the point that she would obtain and use heroin on her own.  Her heroin use continued until early 2013.

During the presentencing phase of the trial, the prosecution called ML as a witness.  Over defense objection, she was permitted to testify about statements made to her by MB, who was then three years old:

> Q:  Did you have any interactions with [MB] on that day that stand out to you?
>
> A:  Well, something that he said to me in the middle of the day, I think around lunchtime.
>
> Q:  Why did that stand out to you?
>
> A:  I was going into the kitchen to get him something to eat or drink and he said, "We went to Jordan's."  And I said to him, "Do you mean Jordan's Furniture store?"  He was like, "No, we went to Jordan's house."  And I said, "Oh, what did you do there?  Did you play video games or something?"  He was like, "No, we get medicine and needles."  Then he said, "Mommy takes a needle and puts it in her arm," and made a motion towards the left bend in his arm.
>
> TC:  Let the record reflect that the witness used her right arm to point to the bend, the crease in her left arm.

---

[1] The appellant raises this issue in part pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

Q: Did you ask him any questions that would have prompted him to say any of those statements?

A: No. He brought up Jordan's, like, totally out of the clear blue sky. I think he was watching TV or something like that. He was in the living room when he brought up the Jordan thing. I asked him why they went to Jordan's and that's when he said to get needles and medicine. And then he just said, "Mommy taking a needle." I said to him, "Why or when did she do that?" And he said, "She does it when she has an owie."

Defense counsel objected to this line of questioning on the basis that the statements of the child were hearsay and admission of such statements was a violation of the Confrontation Clause.[2] The Government sought to introduce the statements under the residual exception to the hearsay rule under Mil. R. Evid. 807. The military judge considered arguments from counsel and ruled as follows:

[I]n regard to the more nuanced than direct, part of the nurse being told by this three-year[-]old at the time, [MB], the court is going to permit counsel to elicit from the witness what the three-year[-]old child told her and consider it in so far as that conveyance of information caused the in-home nurse to take a certain action. The court is not going to permit that evidence to be considered for -- let me step back. The court is also going to consider that for the matter which could be a proper matter in aggravation that drug use was used in the vicinity of a three-year[-]old child. But as for what the child specifically told her about his information, as that information is a specific fact, the court is not going to consider that specific fact as the truth. But it is going to consider it as evidence that the child was in the vicinity of the accused when the accused used heroin.

To the extent that the appellant asserts that the admission of such statements violated the Confrontation Clause, we disagree. Our superior court has held that "the Sixth Amendment's Confrontation Clause does not apply to this presentencing portion of a non-capital court-martial." *United States v. McDonald*, 55 M.J. 173, 174 (C.A.A.F. 2001). Additionally, we find the Confrontation Clause was not violated because the statements offered were the unsolicited, spontaneous utterances of a three-year-old boy to his nurse. Given these facts, we find the statements were nontestimonial in nature, and therefore no Confrontation Clause concern is present. *See also United States v. Vazquez*,

---

[2] U.S. CONST. Amend. VI.

73 M.J. 683, 690 (A.F. Ct. Crim. App. 2014) (discussing the interplay between the Confrontation Clause and the admission of residual hearsay from a child victim).

Accordingly, we now evaluate the military judge's decision to admit into evidence the child's out-of-court statements under Mil. R. Evid. 807. We review a military judge's rulings on the admissibility of evidence for an abuse of discretion. *United States v. McElhaney*, 54 M.J. 120, 129 (C.A.A.F. 2000); *United States v. Sullivan*, 42 M.J. 360, 363 (C.A.A.F. 1995); *United States v. Lake*, 36 M.J. 317, 322 (C.M.A. 1993). In regard to the danger of unfair prejudice or similar concerns caused by the admission of evidence, if the military judge conducts a balancing test under Mil. R. Evid. 403, his ruling will not be overturned unless there is a "clear abuse of discretion." *United States v. Hursey*, 55 M.J. 34, 36 (C.A.A.F. 2001) (quoting *United States v. Ruppel*, 49 M.J. 247, 250 (C.A.A.F. 1998)). However, if the judge does not articulate his balancing analysis on the record, he receives "less deference." *Id.* (quoting *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000)).

In determining the admissibility of evidence presented during the presentencing phase of a court-martial, there are two primary considerations. First, is it admissible under the Military Rules of Evidence; and second, is it a proper matter to be presented by the prosecution under Rule for Courts-Martial (R.C.M.) 1001(b)? In this case, the military judge admitted the evidence under Mil. R. Evid. 807 for two purposes: one, that it "caused the in-home nurse to take certain action," and two, as "evidence that the child was in the vicinity of the accused when the accused used heroin."

> The residual hearsay exception embraced by M.R.E. 807 permits, in rare circumstances, the introduction of hearsay testimony otherwise not covered by M.R.E. 803 or M.R.E. 804 where, given "equivalent circumstantial guarantees of trustworthiness," the military judge "determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence."

*United States v. Czachorowski*, 66 M.J. 432 (C.A.A.F. 2008) (footnote omitted) (quoting Mil. R. Evid. 807).

The child's statements at issue included the specific recollections that he "went to Jordan's" with the appellant to get "medicine and needles," and that "Mommy takes a needle and puts it in her arm" "when she has an owie." The military judge expressly excluded from his consideration, however, "what the child specifically told [the appellant]," instead limiting his consideration of the evidence to how it prompted the

nurse to take action and the fact "the child was in the vicinity of the accused when the accused used heroin." Under Mil. R. Evid. 807(A), this use of the evidence was material as a proper matter in aggravation, as it described "circumstances directly relating to or resulting from the offenses of which the accused [had] been found guilty." *See* R.C.M. 1001(a)(4).

Turning to Mil. R. Evid. 807(B), however, we find the military judge did not adequately determine the evidence was more probative on the point for which it was offered than other evidence which the Government could procure through reasonable efforts. Other than asking for the child's age, the military judge did not assess for himself whether the child who made the statements was unavailable or otherwise beyond the Government's ability to procure through reasonable efforts. In fact, the record indicates the child may have been available, as the Government provided notice to the defense that the child was a potential witness. In *Czachorowski*, our superior court explained that under Mil. R. Evid. 807(B)

> [a] trial judge . . . cannot take it for granted that a declarant of any age is unavailable or forgetful, and then admit hearsay testimony under the residual exception instead. Absent personal observation or a hearing, some specific evidence of reasonable efforts to obtain other probative evidence is still required under M.R.E. 807(B).

66 M.J. at 436.

Nevertheless, we find any erroneous admission did not materially prejudice a substantial right of the appellant. Although the statements of the child were detailed, the military judge expressly did not consider those details. Instead he limited his consideration of the child's out-of-court statements to evidence that the child was "in the vicinity" of the appellant when she used heroin. This evidence was already before the court. During the providence inquiry, the appellant admitted she used heroin "quite a few times"; that she injected heroin into herself in her on-base home, where her husband, mother-in-law, and young son lived; and that she "guess[ed] [her] son had made a comment to [his nurse, ML,] about seeing [her] use heroin." Consequently, in this military judge-alone trial, we find no possible prejudice to the appellant.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court