CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DRAKE S. MCANINCH**
**United States Army, Appellant**

ARMY 20170091

Headquarters, United States Army Alaska
Jeffrey Lippert and Lanny J. Acosta, Jr., Military Judges
Colonel Erik L. Christiansen, Staff Judge Advocate

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Zachary Spilman, Esquire (on brief and reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Hannah E. Kaufman, JA; Captain Meredith M. Picard, JA; Captain Jessika M. Newsome, JA (on brief).

1 April 2019

-----------------------------------------------------------------
MEMORANDUM OPINION ON FURTHER REVIEW
-----------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MULLIGAN, Senior Judge:

Appellant confessed to raping a four-year-old boy and producing child pornography of his victim. Appellant argues the military judge erred by admitting two forensic interviews of appellant's victim over appellant's objection. Appellant also argues that the evidence was insufficient to convict him of producing child pornography. We disagree.

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of three specifications of rape of a child under twelve years of age, one specification of sexual abuse of a child under twelve years of age, and one specification of producing child pornography, in violation of Articles 120b and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920b and 934 (2012) [UCMJ]. The

military judge[1] sentenced appellant to a dishonorable discharge, twenty-four years of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the findings and sentence as adjudged except that he approved only so much of the sentence to confinement as provided for twenty-three years and eleven months of confinement. Following remand for a new staff judge advocate recommendation and action, appellant's case is now before us for review pursuant to Article 66, UCMJ.

Of eight assignments of error raised by appellant, we will discuss two. First, whether the military judge erred by admitting video recordings of two forensic interviews of appellant's child-victim. Second, whether appellant's conviction of producing child pornography was legally and factually insufficient. We answer both questions in the negative and affirm appellant's convictions and sentence.[2]

**BACKGROUND**

According to appellant's own written confession, appellant attended a party hosted by the parents of KP, a four-year-old boy. KP considered appellant a friend and asked appellant to play video games in his room. After playing video games for some time, appellant told KP that he had a "secret game" to play. Appellant removed KP's clothes and took photographs of KP's buttocks and "a full body picture of the front of him completely naked" for appellant "to keep."[3] He then placed KP's penis in his mouth, placed his penis in KP's mouth, rubbed his genitals on KP's buttocks, and penetrated KP's anus with his penis. Appellant warned KP that "he shouldn't talk about" the "secret game" with anyone else.

KP's mother testified she remembered once, during a party, finding KP and appellant in KP's room with the door closed. She recalled appellant's pants zipper

---

[1] Corrected

[2] We have considered the other six assignments of error raised by appellant on brief and the matters personally raised by appellant under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We find they merit neither discussion nor relief. We have also considered appellant's claim of dilatory post-trial processing under *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006), which appellant raised in a footnote. We have factored into our consideration appellant's motion for expedited appellate review. We find appellant has suffered no actual prejudice due to delay in the post-trial processing of his case. We further find no other relief for the delay is warranted under Article 66, UCMJ.

[3] The photographs were never recovered. Appellant reported that he deleted the photographs later on the day he took them and subsequently destroyed his phone.

was down. Appellant claimed his zipper was broken and hurried into a nearby bathroom claiming he needed to fix it. When KP's mother asked what appellant and KP were doing, KP stated he and appellant "were playing a secret game." Appellant then told KP's mother the "secret game" was a secret level in a video game he had been playing with KP.

Later, KP was discovered placing his penis in the mouth of a four-year-old girl. When asked where he got the idea to place his penis in the girl's mouth, KP responded: "It's a secret. We don't talk about it." The next day, KP admitted that appellant taught him "the game" where he put his penis in someone else's mouth.

After KP reported that appellant had taught him the "secret game," KP was interviewed twice by a trained child forensic interviewer. The forensic interviewer used a nationally recognized protocol for interviewing children. The interviewer ensured KP understood the difference between the truth and falsehood, and emphasized the importance of KP telling the truth.

During the interviews, KP said he was there to talk about the "game" and said it was a "secret" before any such game was mentioned by the interviewer. KP went on to identify various body parts on anatomically correct diagrams. KP told the interviewer that appellant played the "secret game" with him. KP explained the "secret game" involved sucking on "wieners," that "wieners" "get bigger," and that appellant "broke" KP's "butt" with appellant's "wiener." During the interviews, KP demonstrated the "secret game" with anatomically correct dolls.

At trial, KP, who was seven years old at that point, testified that he and appellant had played the "secret game," which involved "the weird stuff" with "the butt and the wiener." KP was unable or unwilling to recall other details at trial and testified that he was "scared to talk about it."

Based on KP's inability or unwillingness to testify, the government moved to admit video recordings of KP's forensic interviews about the "secret game." The government offered the recordings under the residual exception to the rule against hearsay found in Military Rule of Evidence (Mil. R. Evid.) 807.

The military judge made extensive findings of fact relating to the recorded interviews and admitted them over appellant's objection that the recordings were hearsay. The military judge found the residual exception of Mil. R. Evid. 807 applied to the recorded interviews.

Appellant testified in his own defense and claimed that he was innocent and that he had lied to investigators when he confessed to raping KP. Appellant was convicted and sentenced as discussed at the beginning of this opinion.

**LAW AND DISCUSSION**

Two of appellant's assignments of error merit discussion. We will address them in-turn.

First, appellant argues the military judge abused his discretion by admitting video recordings of two forensic interviews of the child-victim under the residual hearsay exception. We conclude the military judge did not abuse his discretion by admitting the recordings. Further, even if the military judge had erroneously admitted the recordings, appellant was not prejudiced because appellant's confession was otherwise corroborated and the evidence against appellant was overwhelming.

Second, appellant argues his conviction of producing child pornography was legally and factually insufficient. We disagree. The circumstances surrounding appellant's photography of the naked child who appellant raped leave no doubt as to the sexual nature of the images appellant produced.

*A. The Residual Exception to the Hearsay Rule*

We review a military judge's decision to admit evidence under Mil. R. Evid. 807 for an abuse of discretion. *United States v. Czachorowski*, 66 M.J. 432, 434 (C.A.A.F. 2008) (citations omitted). "Findings of fact are affirmed unless they are clearly erroneous; conclusions of law are reviewed de novo." *Id.* A military judge has "considerable discretion" in admitting residual hearsay. *United States v. Kelley*, 45 M.J. 275, 280-81 (C.A.A.F. 1996)[4] (citing *United States v. Pollard*, 38 M.J. 41, 49 (C.A.A.F. 1993)).

A hearsay statement may be admitted under Mil. R. Evid. 807 if the proponent of the statement provides reasonable notice under Mil. R. Evid. 807(b) and:

---

[4] On brief, appellant argues this quotation from *Kelley* "is a misstatement of the law." Appellant argues our superior court misstated the law because *Kelley* cited to *Pollard*, which itself cited to *United States v. Powell*, 22 M.J. 141, 145 (C.M.A. 1986), which stated, "a trial judge has considerable discretion *in determining the trustworthiness of a statement* [under the residual exception to the hearsay rule]." *Id.* (emphasis added). In other words, appellant claims our superior court misstated the law by publishing a precedential opinion, in which it relied upon its own prior precedential opinion, which may have expanded upon yet another of its own prior precedential opinions. Far from misstating the law, what our superior court writes in precedential opinions *defines* the law binding upon this court.

> (1) The statement has equivalent circumstantial
> guarantees of trustworthiness [to the hearsay exceptions
> found in Mil. R. Evid. 803 or 804];
> (2) it is offered as evidence of a material fact;
> (3) it is more probative on the point for which it is
> offered than any other evidence that the proponent can
> obtain through reasonable efforts; and
> (4) admitting it will best serve the purposes of these rules
> and the interests of justice.

Mil. R. Evid. 807(a). "The residual hearsay rule sets out three requirements for admissibility: (1) materiality, (2) necessity, and (3) reliability." *Kelley*, 45 M.J. at 280 (discussing a prior version of the rule) (citations omitted). The materiality prong "is merely a restatement of the general requirement that evidence must be relevant." *United States v. Peneaux*, 432 F.3d 882, 892 (8th. Cir. 2005) (citations and internal quotation marks omitted). Appellant does not dispute materiality. The necessity prong "requires the proponent of the evidence to show he could not obtain more probative evidence despite reasonable efforts." *Czachorowski*, 66 M.J. at 435. The reliability prong requires that a hearsay statement possesses "circumstantial guarantees of trustworthiness," as stated in the text of the rule. *United States v. Giambra*, 33 M.J. 331, 333 (C.M.A. 1991).[5]

Appellant contends the military judge erred for two reasons: First appellant argues KP's hearsay statements were not more probative on the point for which they were offered than any other evidence that the government could obtain through reasonable efforts. Put differently, appellant disputes the "necessity" prong of *Kelley*. Second, appellant argues KP's hearsay statements did not possess sufficient circumstantial guarantees of trustworthiness. Put differently, appellant also disputes that "reliability" prong of *Kelley*. We disagree with both arguments. A third matter also bears discussion: even if the military judge had abused his discretion by admitting the forensic interviews, the error would have been harmless.

### 1. Necessity: The Relative Probative Value of the Forensic Interviews

Appellant contends that the government was required to both attempt and fail to refresh KP's memory at trial prior to offering the forensic interviews under Mil. R. Evid. 807. We find no such requirement, particularly under the circumstances of this case.

---

[5] While the text of the residual exception has changed slightly since the cases upon which we draw guidance, the analysis in those cases remains sound.

5

The necessity prong does not require that the proffered evidence be "necessary" to prove the proponent's case. Rather, the necessity prong "essentially creates a 'best evidence' requirement." *Kelley*, 45 M.J. at 281 (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 644 (9th Cir. 1991)). In other words, the proffered hearsay must be the most probative version of the declarant's account of events reasonably available to the hearsay proponent. In this case, the necessity prong requires that the forensic interviews of KP be the most probative source of KP's account reasonably available. Even then, the "residual hearsay may be 'somewhat cumulative.'" *Id.* (quoting *United States v. Shaw*, 824 F.2d 601, 609 (8th Cir. 1987)).

Appellant objected to admission of the forensic interviews at trial. Appellant, however, did not claim at trial that the government was required to attempt to refresh KP's recollection prior to asserting the Mil. R. Evid. 807 hearsay exception. This is unsurprising given the fact that successfully refreshing KP's recollection would have potentially yielded more damaging evidence than the forensic interviews themselves.

We need not speculate on whether KP's memory could have been refreshed. The military judge found that KP testified he could not remember—or was scared to discuss—many of the factual details of his abuse by appellant. The military judge, who personally witnessed KP's testimony, credited KP's assertion that he could not or would not remember the events in question. Accordingly, the military judge found the forensic interviews were the most probative source of the evidence at issue. The military judge's factual findings were not erroneous and his conclusions of law were sound.

The military judge was within his discretion when he found the recordings of the forensic interviews were more probative on the point for which they were offered than any other evidence that the government could obtain through reasonable efforts. Put differently, the military judge was within his discretion to find the recordings fulfilled the "necessity" prong of *Kelley*.

### 2. *Reliability: Circumstantial Guarantees of Trustworthiness*

In evaluating whether a child's hearsay is reliable, the Supreme Court has identified several non-exclusive factors that courts may consider: spontaneity of the statements; consistent repetition of the statements; the mental state of the declarant; the use of terminology unexpected of a child of similar age; and lack of motive to fabricate. *Idaho v. Wright*, 497 U.S. 805, 821-822 (1990). The Court went on to explain: "These factors are, of course, not exclusive, and courts have considerable leeway in their consideration of appropriate factors. We therefore decline to endorse a mechanical test . . . ." *Id.* at 822.

Appellant argues KP's statements in the forensic interview fail all of the Supreme Court's *Wright* factors. The military judge disagreed. So do we.

The military judge found: "The setting of the statements, including the reassurance of the interviewer to the declarant that he was in a safe place to talk, to only tell about real things, and that the declarant on his own revealed that his parents told him [sic] the truth, all favor the trustworthiness of the statements." The military judge also found: "KP appeared comfortable in the setting, and spoke naturally and appeared completely unrehearsed or coached." The military judge concluded: "The interviewer asked open ended questions and the court is satisfied based upon viewing the videos and the testimony of the interviewer that there was no suggesting of the events to [KP]. Additionally, the evidence presented demonstrates that [KP] had no motive to fabricate . . . ." We also find it significant that, while the terminology KP used may not have been unexpected of a child of his age, his descriptions of appellant's conduct with him certainly are. No child of KP's age is expected to describe a "secret game" of oral and anal sodomy.

The military judge was within his discretion to find the interviews carry sufficient circumstantial guarantees of trustworthiness to satisfy the "reliability" prong of *Kelley*. We are equally satisfied the forensic interview recordings satisfy the "materiality" prong of *Kelley*. Accordingly, the military judge did not abuse his discretion by admitting the recordings of the forensic interviews.

*3. Harmlessness in Light of Appellant's Independently Corroborated Confession*

While we find the forensic interviews of KP were properly admitted, we also find any hypothetical error in admitting the interviews would be harmless. Appellant made a written confession to his crimes. In it, he described the "secret game" he played with KP. Appellant confessed the "secret game" included appellant orally and anally sodomizing KP.

While KP's testimony at trial was limited, he testified that appellant played a "secret game" with him that involved "the butt and the wiener." KP also acted out the oral sodomy appellant inflicted on him with another child and, upon discovery, described it as a "secret" "game." KP's mother also testified about finding appellant in KP's room with the door closed, and appellant's pants zipper down. She testified KP told her he and appellant had been playing a "secret game." We conclude the combined weight of this evidence was sufficient to corroborate appellant's confession for the purposes of Mil. R. Evid. 304(c). In other words, KP's actions leading to his outcry, combined with his and his mother's testimony at trial, establish the trustworthiness of appellant's confession. *See* Mil. R. Evid. 304(c).

Appellant's confession is compelling and renders his subsequent recantation unbelievable. Appellant's detailed, corroborated confession constituted

overwhelming evidence of his guilt, independent of the content of KP's forensic interviews. Thus, even if we had found the military judge abused his discretion by admitting the content of the forensic interviews, we would find any such error harmless.

### B. Producing Child Pornography

We review questions of factual and legal sufficiency de novo. *United States v. Bright*, 66 M.J. 359, 363 (C.A.A.F. 2008). The test for legal sufficiency is whether, "considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of [appellant's] guilt beyond a reasonable doubt." *Id.* at 325.

Appellant confessed to taking nude photographs of KP. Appellant argues, however, that the government failed to prove any such nude images of KP constituted child pornography. We disagree.

Child pornography is defined as "material that contains either an obscene visual depiction of a minor engaging in sexually explicit conduct or a visual depiction of an actual minor engaging in sexually explicit conduct." *Manual for Courts-Martial, United States* (*MCM*), pt. IV, para. 68b.c.(1) (2012 ed.). "Sexually explicit conduct" includes "lascivious exhibition of the genitals or pubic area of any person." *MCM*, pt. IV, para 68b.c.(7). To determine whether a depiction constitutes a lascivious exhibition, the *Dost* factors are instructive:

1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
4) whether the child is fully or partially clothed, or nude;
5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986). Military courts assess whether an image constitutes child pornography "by combining a review of

the *Dost* factors with an overall consideration of the totality of the circumstances." *United States v. Roderick*, 62 M.J. 425, 429-30 (C.A.A.F. 2006).

The evidence demonstrates appellant produced child pornography. Appellant removed KP's clothing and took photographs of KP's naked body, both from the front and from behind. The latter photographs focused on KP's buttocks. Appellant intended "to keep" the images. Appellant immediately orally sodomized KP, both by placing KP's penis in appellant's mouth and by placing appellant's penis in KP's mouth. Appellant then rubbed his genitals on KP's buttocks and anally sodomized him. The photographs appellant took cannot be separated from the circumstances of their taking. *See id.* The circumstances were Specialist Drake McAninch raping KP.

The circumstances in which appellant took the photographs closely parallel the *Dost* factors: Appellant confessed that some of the photographs were "of [KP's] buttocks," and taken shortly before appellant penetrated KP's anus with appellant's penis. The setting of the photographs was a bedroom, which is commonly associated with sexual activity. KP was completely nude when appellant photographed him. Appellant photographed KP in the context of appellant's "secret game," which involved multiple forms of sexual abuse. The photographs "of [KP's] buttocks" were plainly meant to sexually arouse or gratify appellant, who took them with the intent to then anally sodomize KP. As for the fully-frontally-nude composition, appellant plainly took it also with sexual intent.

Combining our review of the *Dost* factors with an overall consideration of the totality of the circumstances, we have little trouble concluding the images appellant produced constituted child pornography. We have weighed the evidence in the record of trial and made allowances for not having personally observed the witnesses. We are ourselves convinced of appellant's guilt beyond a reasonable doubt.

## CONCLUSION

The findings of guilty and sentence are AFFIRMED.

Judge FEBBO and Judge SCHASBERGER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

9